IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Toratio Deval Williams, ) | |
| ) | C/A No.: 9:07-0146-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| NFN Torres, Tact Officer, NFN Williams, ) | |
| Tact Officer, NFN Rajas, Tact Officer, ) | |
| NFN Poole, Tact Officer, NFN Puritis, ) | |
| Tact Officer, NFN Lagua, Tact Officer, ) | |
| NFN Randal, Tact Officer, NFN Parker, ) | |
| Tact Officer, NFN Seabrooks, Tact ) | |
| Officer, NFN Decker, Tact Officer, NFN ) | |
| Caswell, Tact Officer, and Becky NLN, ) | |
| Nurse, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Toratio Deval Williams, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff asserts that his constitutional rights were violated in various respects.

This matter is before the court on motion for summary judgment filed by Defendants Parker, Seabrooks, Decker, Caswell, Torres, Williams, Rajas, Poole, Puritis, Lagua, and Randal, which motion was filed May 18, 2007. By order filed May 21, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the applicable procedures and the possible consequences if he failed to respond adequately. On May 23, 2007, the envelope containing a copy of the Roseboro order was returned to the Office of the Clerk of Court marked "undeliverable."

In accordance with 28 U.S.C. § 636(b), this matter was referred to United States Magistrate Judge George C. Kosko for pretrial handling. On June 6, 2007, the Magistrate Judge filed a Report of Magistrate Judge in which he recommended that the case be dismissed because Plaintiff had failed to provide the court with a current address as required by order dated March 3, 2007. (Entry 28)

The court's review of the record reveals that on June 18, 2007, the Clerk's Office received a telephone call from Plaintiff asserting that he had sent a change of address notice in early June. On June 21, 2007, Plaintiff filed a notice indicating a current address at the Dorchester County Jail. (Entry 34)

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. <u>Mathews v. Weber</u>, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Because Plaintiff now has complied with the March 3, 2007 order requiring him to notify the court of his current address, the court declines to adopt the Report of Magistrate Judge. The within action is recommitted to the Magistrate Judge for additional pretrial handling. The Clerk's Office is instructed to re-send to Plaintiff the documents returned as undeliverable, and to adjust any expired deadlines accordingly.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

June 27, 2007
Columbia, South Carolina

2