# In the District Court of the United States
## For the District of South Carolina
### BEAUFORT DIVISION

| | | |
|---|---|---|
| Toratio Deval Williams, | ) | |
| | ) | Civil Action No. 9:07-0146-MBS-GCK |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF THE MAGISTRATE JUDGE** |
| NFN Torres, Tact Officer, | ) | |
| NFN Williams, Tact Officer, | ) | |
| NFN Rajas, Tact Officer, | ) | |
| NFN Poole, Tact Officer, | ) | |
| NFN Puritis, Tact Officer, | ) | |
| NFN Lagua, Tact Officer, | ) | |
| NFN Randal, Tact Officer, | ) | |
| NFN Parker, Tact Officer, | ) | |
| NFN Seabrooks, Tact Officer, | ) | |
| NFN Decker, Tact Officer, | ) | |
| NFN Caswell, Tact Officer, and | ) | |
| Becky NLN, Nurse, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I. INTRODUCTION

The Plaintiff, Toratio Deval Williams ("Plaintiff" or "Williams"), was a pre-trial detainee

housed in the Charleston County Detention Center ("CCDC") at the time of events giving rise to this

action. He has filed suit against the above-named defendants, NFN Torres, Tact Officer, NFN

Williams, Tact Officer, NFN Rajas, Tact Officer, NFN Poole, Tact Officer, NFN Puritis, Tact Officer,

NFN Lagua, Tact Officer, NFN Randal, Tact Officer, NFN Parker, Tact Officer, NFN Seabrooks, Tact

Officer, NFN Decker, Tact Officer, NFN Caswell, Tact Officer (collectively, the "Defendant

Officers"), and Becky NLN, Nurse ("Nurse Becky"), alleging that he was subjected to excessive force,

and denied food and water for three days, in violation of his constitutional rights.

This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of Title 28, United States Code, Sections 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C. The Defendant Officers and Nurse Becky have filed motions for summary judgment. [23; 31] As these are dispositive motions, this Report and Recommendation is entered for review by the District Court.

## II. *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes*, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings

2

means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III. FACTUAL BACKGROUND

The facts, either uncontested or taken in the light most favorable to the Plaintiff as the non-moving party, and all reasonable inferences therefrom, to the extent supported by the record, are quoted from the Plaintiff's Complaint:

> On August 24th 2006 Tact Officers Parker, Seabrooks, Williams, Lagua, Randal, Tact Sergant Decker with Captain Garret ran in my cell room 1213 while I was on suicide watch asleep, suited up (body amour) used force, then place a bag over my head, took me to bond court with the bag over my head. I couldn't even see the judge's face, and the judge (who's name is Linda Lombard) couldn't see mines neither. I told the judge that they (the Tact Officers violated me. She (the judge) stated "that I know.") I told her (the judge) "that did she hear what I'd said." (in which I repeated myself) She (Linda Lombard) stated "I need to get an lawyer and that she saw that they violated my rights." All this is recorded on the Tact camcorder.
>
> On Oct. 3rd 2006 Tact Officers Torres with the assistance of Tact Seabrooks, Tact Parker, Tact Caswell, Tact Rajas, Tact Puritis enter my cell 1211 (after they cardboarded the other inmates door windows up) savagely kicked and punched me, which resulted with me sustaining an broken left toe, that I complained but Nurse Becky laugh in my face. I've never received medical treatment, plus Tact Rajas took my mattress for 4 days leaving me to sleep on cold steel and the next 3 days Tact Poole, Tact Torres, Tact Williams, Tact Caswell starved me and wouldn't give me any food, plus they turned my

3

water off. This was the 3rd, 4th/5th of Oct. '06.[1]

Plaintiff seeks to have criminal charges filed against the Defendant Officers, as well as compensation for his pain and suffering in the amount of $30,000.00 per defendant.

## IV.  PROCEDURAL HISTORY IN FEDERAL COURT

The Plaintiff commenced this action on January 7, 2007 against the above-captioned defendants.  [1]  On April 3, 2007, an Answer was filed on behalf of Nurse Becky, which set forth a general denial of the allegations contained in the Complaint, and also asserted that Plaintiff had failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act.  [14]  Also on April 3, 2007, an Answer was filed on behalf of the Defendant Officers.

On May 18, 2007, the Defendant Officers filed a motion for summary judgment and a supporting memorandum and exhibits.  [23-1— 23-8]  On May 21, 2007, the undersigned issued an order pursuant to  *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which notified the Plaintiff of the summary judgment procedure.[2]  [25]  Thereafter, on June 14, 2007, Nurse Becky filed a motion for summary judgment.  [31]  The Plaintiff was transferred to the Dorchester County Detention Center and on July 3, 2007, filed his Response in opposition to the motions for summary judgment filed by the Defendant Officers and by Nurse Becky.  [41]

On August 9, 2007, the undersigned issued interrogatories to the Defendant Officers and to Nurse Becky in order to ascertain whether the Plaintiff had exhausted his administrative remedies

---

[1]     *See* Complaint [1] at p. 3.

[2]     In *Roseboro v. Garrison*, the Fourth Circuit held that *pro se*  Plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them.

prior to filing this action. [47] As responses to these interrogatories have been received and reviewed

by the court, the undersigned submits this Report and Recommendation to the District Court.

## V. SUMMARY JUDGMENT STANDARD

The Defendants' motions for summary judgment are governed by the holding in *Celotex*

*Corporation v. Catrett*, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate
> time for discovery and upon motion, against a party who fails to make a showing sufficient to
> establish the existence of an element essential to that party's case, and on which that party will
> bear the burden of proof at trial. In such a situation there can be no "genuine issue as to any
> material fact," since a complete failure of proof concerning an essential element of the
> nonmoving party's case necessarily renders all other facts immaterial.

Rule 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to
> interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine
> issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
> Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that:

(1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as

a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its

existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of

material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict

for the non-movant. *Id.* at 257. Once the movant has made this threshold demonstration, the

non-moving party, to survive the motion for summary judgment, may not rest on the allegations

averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise

to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in

support of the plaintiff's position is insufficient to withstand the summary judgment motion.

*Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion.  *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.  When Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

## VI.  DISCUSSION

### A.  Introduction

As a *pro se* litigant, Plaintiff's Complaint must be construed liberally by this court.  Nevertheless, a careful review of all of the pleadings in this case has led this court to recommend, for the reasons set forth below, that this matter be dismissed.

### B.  The Plaintiff Has Failed to Exhaust His Administrative Remedies

As a threshold reason for recommending dismissal of this action, the Plaintiff has failed to exhaust his administrative remedies.  The Prison Litigation Reform Act of 1996 (the "PLRA"), codified as amended at 42 U.S.C. § 1997e(a), provides in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a

6

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."). Thus, the PLRA requires prisoners bringing actions concerning prison conditions or other federal law to exhaust all available administrative remedies before suing in federal court. *See Porter v. Nussle*, 534 U.S. at 532; *Booth v. Churner*, 532 U.S. 731, 741 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, Nos. 05-7058, 05-7142, 127 S.Ct. 910, 2007 WL 135890, *8 (Jan. 22, 2007) (*citing Porter*, 435 U.S. at 524).

In *Porter*, the Supreme Court emphasized that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." 534 U.S. at 532. Furthermore, *Porter* makes clear that the provisions in 42 U.S.C. § 1997e(a) applies to state prisoners. *Porter*, 534 U.S. at 524. The events alleged in the Plaintiff's Complaint are those which encompass "prison life," and therefore his case falls within the rule, articulated in *Porter*, that an inmate's exhaustion of administrative remedies is a prerequisite to filing suit.

The Defendant Officers state, though counsel, that the CCDC has a grievance procedure in place. [42] Accordingly, before the Plaintiff may proceed with his claims in this court, he must first have exhausted the administrative remedies available through the CCDC grievance process. The Plaintiff alleged in his Complaint that he filed a grievance on October 30, 2006 regarding the claims

raised in this action, which he alleges occurred on August 24, 2006 and October 3, 2006.[3]

The defendants have the burden of showing that the Plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Services, Inc.,* 407 F.3d 674, 683 (4th Cir. 2005). To meet this burden, the Defendant Officers have provided the court with the affidavit of Michael R. Tice, dated August 15, 2007 (the "Tice Affidavit"). Tice is the Security Lieutenant at the CCDC, and has been employed with the Charleston County Sheriff's Office for sixteen (16) years and has been in charge of inmate grievances for five (5) years. [54-2] The Tice Affidavit indicates that the Plaintiff **did not** file a grievance regarding the alleged incidents set forth in his Complaint. According to the Tice Affidavit, the Plaintiff filed one written grievance on September 3, 2006, a copy of which was provided to, and reviewed by, the court. This grievance does not relate to the claims set forth in the Plaintiff's Complaint. Although the Plaintiff also communicated a second grievance by telephone (which is permitted under the CCDC rules governing grievances), the description of this telephone grievance, as set forth in the Tice Affidavit, likewise does not relate to the claims set forth in his Complaint. [*See* Tice Affidavit at 54-2] Therefore, it appears to the undersigned that the Plaintiff failed to exhaust his administrative remedies prior to brining this action.

The exhaustion requirement of the PLRA, 42 U.S.C. § 1997e, is strictly construed. While the Plaintiff may argue that any attempt to exhaust administrative remedies at this point would be futile, this court "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

---

[3]    Even assuming the truth of the Plaintiff's allegation, the court notes that neither of the Plaintiff's grievances would have been timely filed according to CCDC policy Number 22.e., which provides: "You have the right to file a grievance within five days of a grievable event." [54-4]

It is therefore recommended that Plaintiff's action be dismissed without prejudice for failure to

exhaust his administrative remedies.[4]

## **RECOMMENDATION**

Based upon the foregoing, it is recommended that the Plaintiff's Complaint should be

dismissed without prejudice for failure to exhaust administrative remedies.

GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

August 20, 2007

Charleston, South Carolina

---

[4]    Given this recommendation, it also is recommended that the Defendant Officers' motion for summary judgment [23] and Nurse Becky's motion for summary judgment [31] be considered moot.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).