IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Toratio Deval Williams, ) | |
| ) | C/A No. 9:07-0146-MBS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **O R D E R   A N D** |
| NFN Torres, TACT Officer; NFN Williams, ) | **O P I N I O N** |
| TACT Officer; NFN Rajas, TACT Officer; ) | |
| NFN Poole, TACT Officer; NFN Puritis, ) | |
| TACT Officer; NFN Lagua, TACT Officer; ) | |
| NFN Randal, TACT Officer; NFN Parker, ) | |
| TACT Officer; NFN Seabrooks, TACT ) | |
| Officer; NFN Decker, TACT Officer; NFN ) | |
| Caswell, TACT Officer; Becky NLN, ) | |
| Nurse; ) | |
| ) | |
| Defendants. ) | |
| ) | |

This is an action brought by Toratio Deval Williams ("Plaintiff") against eleven TACT Officers ("Defendant Officers") and a nurse ("Nurse Becky"), all employees of the Charleston County Detention Center ("CCDC"), for injuries he allegedly sustained while awaiting trial. Specifically, Plaintiff alleges that he was subjected to excessive force and denied food, water, and medical treatment for three days in violation of his Fourteenth Amendment rights.

This matter is before the court on two motions for summary judgment. See Fed. R. Civ. P. 56. On May 18, 2007, the Defendant Officers filed a Motion for Summary Judgment. On May 21, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court issued an order ("Roseboro Order") advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. On June 14, 2007, Nurse Becky filed a Motion for

Summary Judgment. On June 2, 2007, the court issued a second Roseboro Order advising Plaintiff of the summary judgment procedure. On July 3, 2007, Plaintiff responded to Defendants' motions for summary judgment. On August 8, 2007, Defendants were ordered to answer questions regarding the CCDC grievance procedures. On August 15, 2007, Defendants replied.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge George C. Kosko for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on August 20, 2007, recommending that Plaintiff's Complaint be dismissed for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on August 23, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). Having reviewed the Report, pleadings, memoranda, and applicable law, the court adopts the Magistrate Judge's recommendation and dismisses Plaintiff's Complaint for failure to exhaust his administrative remedies.

DISCUSSION

At the direction of the Magistrate Judge, Defendants provided an affidavit by Michael R. Tice, Security Lieutenant at CCDC, in which Tice acknowledges that Plaintiff filed a written

grievance on September 3, 2006 and submitted a telephone grievance on January 2, 2007. However, Tice avers that neither of these grievances alleged any of the claims raised in the instant complaint. Tice also asserts that Plaintiff made no other grievances while incarcerated at the CCDC.[1] After reviewing Plaintiff's September 3, 2007 grievance and Tice's affidavit, the Magistrate Judge found that Plaintiff failed to exhaust his administrative remedies.

Liberally construed, Plaintiff's objections to the Magistrate Judge's Report and Recommendation raise two alternative arguments. First, Plaintiff alleges that CCDC officials have prevented him from pursuing administrative remedies. Specifically, Plaintiff alleges that CCDC officials "tear" and "destroy" inmate grievances. Plaintiff's Objections, p. 1. Plaintiff asserts that he has filed "numerous" grievances, but the CCDC fails to keep them on record. Id. Second, Plaintiff challenges Tice's claim that Plaintiff's grievances did not allege any of the allegations asserted in the instant complaint. Plaintiff claims that he identified all of the officers named in the instant complaint in his January 2, 2007 telephone grievance. Plaintiff asserts that "the tape" of his grievance will verify his claim. Id.

The PLRA provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). However, if prison officials effectively made a prisoner's administrative remedies unavailable, the prisoner's § 1983 claim will survive summary judgment, despite a failure to exhaust such remedies. See Hemphill v. New York, 380 F.3d 680, 689 (2d Cir. 2004) (holding that defendants who threatened an inmate seeking access to administrative remedies could be estopped

---

[1] Tice claims that Plaintiff was released from CCDC in May 2007.

from invoking the affirmative defense of failure to exhaust administrative remedies); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) ("[a] remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)").

Nevertheless, while all evidence must be viewed in the light most favorable to the nonmoving party, a party cannot avoid summary judgment by making unsupported statements of fact. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 960 (4th Cir.1996) ("unsubstantiated allegations" are insufficient to defeat summary judgment); Herbert v. Saffell, 877 F.2d 267, 273 (4th Cir.1989) (holding that summary judgment was appropriate where nonmoving party "produced no evidence, beyond bald allegations in the pleadings."). In order to proceed with his § 1983 claim, Plaintiff must set forth "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Plaintiff's allegation that CCDC officials destroy inmate grievances is not supported by the record. Plaintiff has failed to allege any specific instances where CCDC officials failed to respond to a properly filed grievance. Plaintiff's bald assertion that he filed "numerous" unanswered grievances is insufficient to defeat summary judgment on the issue of whether he has exhausted his administrative remedies.

Furthermore, accepting as true Plaintiff's claim that his telephone grievance did allege the same facts alleged in his complaint, he still has failed to exhaust his administrative remedies by not pursuing the claim beyond the initial stage. Under the PLRA, exhaustion requires that an inmate complete all steps of the administrative process available to him, including pursuing the appropriate appellate review. See Booth v. Churner, 532 U.S. 731, 735 (2001) (dismissing plaintiff's claim for failure to seek intermediate or final administrative review after the prison authority denied relief). Even if the CCDC grievance procedure does not provide the remedy Plaintiff seeks, he is still

required to exhaust his options before filing suit. See <u>Booth</u>, 532 U.S. at 741. Thus, Plaintiff's claim must be denied for failure to exhaust his administrative remedies.

## CONCLUSION

The court adopts and incorporates herein by reference the Report and Recommendation. Plaintiff's complaint is hereby dismissed without prejudice for failure to exhaust his administrative remedies as required by § 1997e(a).

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
United States District Judge

February 25, 2008

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**